Mr. Justice Humphreys
delivered the opinion of the court:
The object of the bill is to have sundry conveyances, which appear of record, affecting the title to a lot of ground and premises in Georgetown, known as the Beckett Hall, set aside on the ground of fraud.
*326 On the 23d of October, 1874, the legal title to the premises • being in the defendant "William Tyler, in trust for the benefit of the complainant, a paper-writing purporting to be a conveyance from her and the said Tyler to the defendant Mc-Dermott, an employee in his office, of the said property, in fee for the consideration of $1,000, was made and recorded.
This deed, so far as the same purports to have been signed and acknowledged by her, complainant says is a fraud and a forgery; that she never authorized or requested Tyler to execute such a paper, and that she never received from the said McDermott, or the said Tyler, any money or other consideration whatever on account thereof.
The reasonableness and probability of her story depends upon all the surroundings of the case. There are subscribing witnesses to the deed, but their testimony is uncertain and unsatisfactory as to its execution by her.
The title does not remain long in McDermott; for on the same day he reconveys the property to Tyler in fee, relieved of any trust. The consideration named in this deed is $2,000. Not the least singular feature of this transaction is the fact that McDermott makes a clear gain of $1,000 oft' the trustee.
Tyler now frequently incumbers the property to secure loans of money made to him, and finally, on the 18th November, 1875, executes a deed conveying the same in fee-simple to the defendant Saville, for an alleged consideration of $1,200. He has up to this time, it seems, rendered no account to his cestui que trust or paid her any money.
A court of equity will only sustain a purchase by a trustee from. his cestui que trust where it is deliberately agreed and understood between them that the relation shall be considered dissolved, and there is a clear contract, ascertained to be such after a zealous and scrupulous examination of the circumstances, and it is clear that the cestui que trust intended that the trustee should buy, and that there is no fraud, no concealment, and no advantage taken by him. (Michoud v. Girard et al., 4 How., 556.)
If, therefore, the deed to McDermott were genuine, and *327 there had been a failure of consideration or other irregularity in the bargain, a court of equity would not hesitate to restore complainant’s former rights as against Tyler.
Saville, however, urges that complainant did sign- the deed to McDermott; that he is an innocent purchaser for a valuable consideration; and that whatever may have been the wrongs of Tyler, and the credulity and confidence of the illiterate Catharine, he must not sutler.
When questioned with some particularity as to the nature of the consideration he paid for the ground, he declined to answer, on the idea that it was his private business. We think that is exactly what we had a right to know, that where •the title of the person under whom he claimed was charged to be one tainted with bad faith, imposition and fraud upon the credulous and unsuspecting, it was part of his necessary defense that a full and open explanation should be made.
An innocent person must be such in fact and in deed; he must have parted with his money or other property, and not have taken a conveyance on speculation. He further claims that finding the conveyances from Tyler and complainant to McDermott and from McDermott to Tyler on record, he was justified in concluding that the title was good. This is undoubtedly correct, as a general proposition, where there is nothing on the face of the papers to excite suspicion.
The abstract of titles shows the trustee conveying to himself, through McDermott, by deeds executed at the same time and for different considerations; and whether she signed one of the deeds or not, Tyler was still her trustee, if fraud or imposition had been practiced upon her in the transfer. In this apparent condition of the title, the conveyance is made to Saville. If the facts were not sufficient to put even a person who pays out his money on his inquiry, then we are unable to see what could. But the evidence shows that the consideration of the deed to Saville was an old note, made by Tyler, which he held.
We see nothing in the circumstances to justify us in protecting Saville at the expense of the complainant; and more *328 especially because we do not regard the averment that complainant did unite in the deed to McDermott, on the promise by Tyler of a lot elsewhere, as being sustained by the testimony.
The claim made for compensation for alleged improvements by the trustee, we do not consider as sustained by the proofs. Even if it were clear that any repairs amounting to improvements had been made, still the nature and character of the transaction would not authorize the court to charge the complainant with the burden thereof. It is only when fair, open dealing has been had, that a claim for improvements can be allowed.
The decree below must be reversed, and a decree entered confirming the title of the complainant.